

# NUMBER 13-26-00028-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CITY OF CORPUS CHRISTI, MAYOR PAULETTE GUAJARDO, AND PHILLIP RAMIREZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By petition for writ of mandamus, relators City of Corpus Christi, Mayor Paulette Guajardo, and Phillip Ramirez contend that the trial court abused its discretion in various respects by ordering "irrelevant and non-jurisdictional discovery" to take place prior to ruling on jurisdictional pleas. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

An order requiring overbroad and irrelevant discovery constitutes an abuse of discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 832 (Tex. 2022) (orig. proceeding) (per curiam); *In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 814 (Tex. 2022) (orig. proceeding) (per curiam). In this regard, a party generally lacks an adequate remedy by appeal when a trial court abuses its discretion by ordering unnecessary discovery prior to ruling on a jurisdictional plea. *See, e.g.*, *In re TexAmericas Ctr.*, No. 06-25-00048-CV, 2025 WL 1792847, at **3–4 (Tex. App.—Texarkana June 30, 2025, orig. proceeding) (mem. op.); *In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, No. 04-24-00538-CV, 2025 WL 466069, at *5, __ S.W.3d __, __ (Tex. App.—San Antonio Feb. 12, 2025, orig. proceeding); *In re Tex. Bd. of Pardons & Paroles*, No. 05-24-

01213-CV, 2024 WL 4891065, at *4 (Tex. App.—Dallas Nov. 26, 2024, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Ajit David, relators' reply thereto, the record, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case, and we dismiss David's emergency motion to lift the stay, which was previously carried with the case, as moot. *See* TEX. R. APP. P. 52.10(b). We deny the petition for writ of mandamus.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
19th day of May, 2026.